IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARGIE WALLS, on behalf
of herself and all other similarly
situated persons                                                PLAINTIFF


VS.                                     CASE NO. 07-CV-1020


SAGAMORE INSURANCE COMPANY                           DEFENDANT


## MEMORANDUM OPINION

This is a case arising out of an insurance contract with Sagamore Insurance Company. The named Plaintiff brings this action for breach of contract for herself and all others similarly situated. The matter is now before the Court on the Plaintiff's Revised Motion for Class Certification pursuant to her First Amended Complaint. (Doc. No. 57). The Defendant has responded to the motion. (Doc. No. 61). The matter is ripe for consideration.

### BACKGROUND[1]

For several years, Margie Walls contracted with Sagamore Insurance Company to provide her with automobile insurance. Each policy was for a term of one year. Pursuant to the policy, Sagamore billed Walls for the policy premiums on a monthly basis. Prior to each premium payment due date, Sagamore would send Walls a Premium Installment Bill and Notice of Cancellation for Non-Payment of Premium. In the Notice of Cancellation, Walls was informed that, if her premium payment was not received on or before the due date, her insurance policy

---

[1] The information in this section of the Memorandum Opinion is taken from Walls's Amended Complaint (Doc. No. 31), unless specifically noted otherwise.

would be cancelled.  If the policy was cancelled, Walls could apply to have her insurance policy rewritten.  To accomplish this, Walls would submit a rewrite application to the company, pay her monthly insurance premium and pay a policy fee of either $20.00 or $25.00.[2]

In March 2005,[3] Walls did not pay her monthly premium payment on Policy No. 433339. As a result, her insurance policy with Sagamore was cancelled.  After the cancellation, Walls applied to have her policy rewritten.  She paid her monthly premium payment and a $20.00 policy fee.  Thereafter, Sagamore issued Policy No. 439692  to replace Walls's lapsed insurance policy.  This new policy had a one year term.  As before, Sagamore would send Walls a monthly bill for her premium payment, along with a notice of cancellation.  The notice of cancellation informed Walls that the policy would be cancelled if the premium was not paid by the due date.

In July 2006,[4] Walls did not pay her monthly premium payment on Policy No. 485235. As a result, her insurance policy was cancelled.  After the cancellation, Walls applied to have her policy rewritten.  She paid her monthly premium payment, along with a $25.00 policy fee. Thereafter, Sagamore issued Policy No. 509329 to replace Walls's lapsed policy.  This new policy had a one year term and was billed on a monthly basis.  As before, the premium installment bill contained a notice of cancellation.  The notice of cancellation informed Walls that the policy would be cancelled if the premium was not paid by the due date.

---

[2] In 2004 and 2005, the policy fee was $20.00.  In 2006, the policy fee was $25.00. (Doc. No. 58-1, Ex. 18).

[3] The information contained in the following paragraph was obtained from Doc. 58-1, Ex. 18, pgs. 8-10.

[4] The information contained in the following paragraph was obtained from Doc. 58-1, Ex. 18, pgs 5-6.

In August 2006,[5] Walls did not pay her monthly premium payment on Policy No. 509329. As a result, the policy was cancelled.  After the cancellation, Walls applied to have her policy rewritten.  She paid her monthly premium payment, along with a $25.00 policy fee.  Thereafter, Sagamore issued Policy No. 513802 to replace her lapsed policy.  This new policy had a term of one year and, as before, Walls was billed for the premium payment on a monthly basis.  As before, Sagamore included a notice of cancellation along with the monthly premium installment bill.  The notice of cancellation informed Walls that her insurance policy would be cancelled if the premium was not paid by the due date.

In February 2007, Walls did not pay her monthly premium payment on Policy No. 513802.  As a result, the policy was cancelled.  After the cancellation, Walls did not apply to have her insurance policy with Sagamore rewritten.  Rather, she obtained automobile insurance with another insurance company – Phoenix Indemnity[6]

It also appears that Walls did not pay her monthly premium payment when due on four other policies –Policy No. 378413 in February 2004, Policy No. 389108 in May 2004, Policy No. 439692 in May 2005 and Policy No. 472711 in December 2005.  However, there is no evidence that Walls applied to have any of these policies rewritten.[7]

On March 8, 2007, Walls filed suit against Sagamore Insurance Company for breach of contract.  In her Complaint, Walls alleges that Sagamore breached its contract with her when it

---

[5] The information contained in the following paragraph was obtained from Doc. 58-1, Ex. 18, pgs 2-3, as well as Walls's Amended Complaint, Doc. No. 31, pg 7.

[6] Walls's deposition pgs. 41-43 (Doc. No. 61-1, Ex. A).

[7] Doc. No. 58-1, Ex. 18, pgs. 6-7, 11-12.

prematurely cancelled her insurance policy before providing her with at least ten (10) days notice after the time for paying the premium had expired.  As a result, Sagamore improperly charged her a $20.00 or $25.00 fee to rewrite her insurance policy each time her insurance was cancelled. Walls seeks relief for herself and all other similarly situated persons.  In August 2007, Walls filed a motion to certify a multi-state class under Fed. R. Civ. 23(b)(2).[8]  On November 1, 2007, Walls amended her original Complaint in order to revise her class definition and seek certification under Fed. R. Civ. P. 23(b)(3), as well as Fed. R. Civ. P. 23(b)(2).   Walls also filed a Motion for Class Certification pursuant to her Amended Complaint.

On July 14, 2008, the Court held a hearing on Walls's certification motion.  At this hearing, Walls abandoned her request for class certification under Rule 23(b)(2) and informed the Court that she would only be seeking certification under Rule 23(b)(3).  She also informed the Court that the class definition would be changing.  On July 31, 2008,  Walls filed the pending Revised Motion for Class Certification pursuant to her First Amended Complaint.

<u>THE PROPOSED CLASS</u>

In her Revised Motion for Class Certification, Walls seeks to certify a ten-state class of policyholders pursuant to Rule 23(b)(3).  This multi-state class is defined as:

> All persons, including Plaintiff and all similarly situated persons, from the period of time beginning on January 1, 2003 to the present ("Class Period") who (1) contracted with Sagamore Insurance Company to provide property and/or casualty automobile insurance from the States of Alabama, Arkansas, Idaho, Indiana, Mississippi, Montana, Nebraska, Ohio, Tennessee and Utah; (2) had their insurance contract terminated for non-payment of premium by

---

[8] On August 1, 2007, Walls filed her original Motion for Class Certification in this case. On August 23, 2007, Walls filed an Amended Motion for Class Certification amending her proposed class definition and reducing the size of the multi-state class.

a Notice of Cancellation mailed or delivered before the time for making a premium had expired;

Excluded from the class are the agents, affiliates and employees of the Defendant and the assigned judge and his/her staff, and members of the appellate court and their staff.

Or, in the alternative, Walls is seeking certification of an Arkansas class of policyholders.  The

Arkansas Class is defined as:

All persons, including Plaintiff and all similarly situated persons, from the period of time beginning on January 1, 2003 to the present ("Class Period") who (1) contracted with Sagamore Insurance Company to provide property and/or casualty automobile insurance in the State of Arkansas; (2) had their insurance contract terminated for non-payment of premium by a Notice of Cancellation mailed or delivered before the time for making a premium had expired;

Excluded from the class are the agents, affiliates and employees of the Defendant and the assigned judge and his/her staff, and members of the appellate court and their staff.

## APPLICABLE LAW

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.  The

decision on whether to certify a class action is within the discretion of the district court.  *See*

*Coleman v. Watt,* 40 F.3d 255, 259 (8th Cir. 1994); *Morgan v. United Parcel Serv.,* 169 F.R.D.

349, 354 (E.D.Mo. 1996).  In determining whether to certify a class action, "the question is not

whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but

rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin,* 417 U.S.

156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (citations omitted).  Thus, while the Court must

conduct a "rigorous analysis," *see Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161,

102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), class certification is a procedural determination and

should not include an inquiry into the merits of the plaintiff's claims. *Eisen,* 417 U.S. at 177-78. The plaintiff moving for class certification has the burden of showing that the requirements under Rule 23 are met. *Coleman,* 40 F.3d at 259.

In order to be certified under Rule 23, the class must satisfy the four prerequisites set forth in Rule 23(a). *Lang v. Kansas City Power & Light Co.,* 199 F.R.D. 640, 644 (W.D.Mo. 2001); *Paxton v. Union National Bank,* 688 F.2d 552, 559 (8th Cir. 1982). These requirements are met if: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). These prerequisites for class certification under Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *General Telephone Co. v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 1706, 64 L.Ed.2d 319 (1980).

In addition to the requirements under Rule 23(a), the class must also qualify under one of the three subdivisions of Rule 23(b). *Lang,* 199 F.R.D. at 644. In this case, Walls is seeking certification under Rule 23(b)(3). Therefore, she must demonstrate that the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that the class action is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

In addition to the above Rule 23 requirements, courts also recognize two "implicit" requirements before class certification is permissible. First, the class definition must be drafted in such a way to ensure that membership is ascertainable by some objective standard, and second,

6

that the class representatives are in fact members of the proposed class. *See In re Teflon Products Liability Litigation,* 254 F.R.D. 354, 360 (S.D.Iowa 2008) (citations omitted). Therefore, in order to determine if class certification is appropriate in this case, the Court must determine if all the above requirements are met.

DISCUSSION

<u>Sufficiency of Class Definition</u>

The class definition must enable the Court to determine objectively who is in the class, and thus, who is bound by the ruling. *Dumas v. Albers Med., Inc.,* 2005 WL 2172030 at *5 (W.D.Mo. Sept 7, 2005).  This ensures that those "actually harmed by the defendant's conduct will be the recipients of the relief eventually provided." *Id.* (*quoting In re PPA Products Liability Litigation,* 214 F.R.D. 614, 617 (W.D.Wash. 2003)).  In order to accomplish this, the Court should not have to engage in lengthy, individualized inquiries in order to identify members of the class. *Id.* (citing *Simer v. Rios,* 661 F.2d 655, 669 (7th Cir.1981)).

In this case, class membership is not readily ascertainable without individualized inquiries into the circumstances of each proposed class member.  Walls seeks to certify a class of individuals who contracted with Sagamore to provide property and/or casualty automobile insurance and had their policies terminated for nonpayment of premiums by a notice of cancellation mailed or received before the time for making the premium had expired.  This proposed class definition includes all Sagamore policyholders whose policies were cancelled by Sagamore's improper notice of cancellation, including those who were not damaged by the

7

cancellation.  Such individuals do not have breach of contract claims against the company.[9]
Thus, they can not be included in a class seeking relief for Sagamore's breach of contract.

In order to determine which policyholders would properly fall within the class, the Court
will have to conduct individual inquiries into the circumstances of each proposed class member.
Thus, membership in the class can not be ascertained by the Court without resorting to lengthy
individualized inquiries.  Without an objective basis for determining class membership, the
proposed class definition is insufficient.

*Class Representative's Membership in the Class*

The second "implicit" requirement of Rule 23 is that the class representatives are in fact
members of the proposed class.  In this case, Walls is the only proposed class representative.  As
indicated above, to be a member of the proposed class, Walls must have a breach of contract
claim against Sagamore.  In her Complaint, Walls alleges that for several years she purchased
automobile insurance from Sagamore.  On various occasions, her insurance policy was cancelled
by Sagamore's allegedly improper notice of cancellation. As a result of the cancellation, she was
improperly charged a $20.00 or $25.00 fee to rewrite her cancelled insurance policy.  Walls has
alleged a viable breach of contract claim against the company.  Therefore, she is in fact a member
of the proposed class.

In summary, the proposed class definition in this case is insufficient because the Court
can not objectively determine who is a member of the class.  Thus, Walls has failed to satisfy one

---

[9] The elements of a breach of contract claim are 1) the existence of a contract; 2) breach
of the contract; and 3) damages that flow from the breach.  *U.S. v. Basin Elec. Power Co-
op.,* 248 F.3d 781, 810 (8th Cir. 2001).

of the implicit requirements of Rule 23.  This matter can not be certified as a class action with this class definition.  However, even if Walls had satisfied this requirement, the proposed class still could not be certified as a class action because, as set out below, it does not satisfy all the requirements of Rule 23(a) or qualify under Rule 23(b)(3).

### Rule 23(a) – Numerosity

The first requirement under Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "Although, ... no arbitrary rules regarding the necessary size of classes have been established, the plaintiff bears the burden of establishing that numerosity does exist."  *Mehl v. Canadian Pacific Railway, Ltd.,* 227 F.R.D. 505, 510 (N.N.D. 2005) (quoting *Belles v. Schweiker,* 720 F.2d 509, 515 (8th Cir. 1983)).  A number of factors are relevant to this inquiry, the most obvious being the number of persons in the proposed class.  In addition to the size of the class, the court may also consider such factors as the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members.  *Paxton*, 688 F.2d at 560.

In this case, Walls claims that the class will number in the hundreds, if not thousands, as Sagamore actively marketed its property and casualty automobile insurance in Arkansas and the other class states and uniformly provided the notice of cancellation for non-payment prior to the premium due date.  Therefore, she contends that the numerosity requirement of Rule 23 is met.

In establishing numerosity, a plaintiff does not need to show the exact number of potential class members, only that the number is such that joinder is extremely difficult or inconvenient.  *Morgan,* 169 F.R.D. at 355 (citing *Gentry v. C & D Oil Co.,* 102 F.R.D. 490, 493

(W.D.Ark. 1984)).  Here, Walls claims that hundreds, if not thousands, were adversely affected by Sagamore's notice of cancellation for non-payment of premium.  This number is sufficiently numerous to make joinder of individual class members difficult.  Therefore, the Court finds that the numerosity requirement under Rule 23(a) has been met in this case.

### Rule 23(a) – Commonality

The second requirement under Rule 23(a) is that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The commonality requirement does not require that every question of law or fact be common to every class member.  *Paxton,* 688 F.2d at 561 (citations omitted).  "Rather, it may be satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.' "  *DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995) (citing *Paxton,* 688 F.2d at 561) (quoting *American Finance Sys., Inc. v. Harlow,* 65 F.R.D. 94, 107 (D.Md. 1974)).  It is important to note that while a class may satisfy the commonality requirement of Rule 23(a), the class may fail to satisfy the "far more demanding" predominance requirement of Rule 23(b)(3).  *Thompson v. American Tobacco Co. Inc.,* 189 F.R.D. 544, 549 (D. Minn. 1999) (quoting *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 624, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1979)).

In this case, Walls claims that the proposed class members were subjected to Sagamore's uniform practice of sending a notice of cancellation before the time for making a premium payment had expired and, thereafter, had their insurance improperly cancelled for failing to make their payment on or before the premium due date.  Walls contends that this satisfies the commonality requirement because all class members were subjected to the same alleged wrongful conduct by Sagamore.

As stated above, commonality does not require every question of law or fact be common to every class member.  As long as there is at least one common legal question that substantially relates to the resolution of the litigation, commonality is met.  Here, the proposed class members share common questions regarding the alleged wrongful conduct by Sagamore.  This satisfies the low threshold requirement of commonality.  Therefore, the Court finds that the commonality requirement of Rule 23(a) has been met in this case.

*Rule 23(a) – Typicality*

The third requirement under Rule 23(a) is that the claim or defense of the representative party is typical of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3).  This requirement means that there are "other members of the class who have the same or similar grievance as the plaintiff."  *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donalson v. Pillsbury, Co.,* 554 F.2d 825, 830 (8th Cir. 1977) *cert. denied,* 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977)).  This requirement is "intended to assure the claims of the class representatives are similar enough to those of the class, so that the representatives will adequately represent the class." *In re Baycol Products Litigation,* 218 F.R.D. 197, 205 (D.Minn. 2003) (quoting *Day v. NLO, Inc.,* 144 F.R.D. 330, 334 (S.D.Ohio 1992)).  In other words, the Court must consider whether the representative's interests will be aligned with those of the proposed class, and in pursuing her own claims, the named plaintiff will also advance the interests of the class members.  *In re Baycol,* 218 F.R.D. at 205 (citing *In re: American Medical Systems, Inc.,* 75 F.3d 1069, 1082 (6th Cir.1996)).  In general, typicality is established if the claims of all the class members arise from the same event or course of conduct, and give rise to the same legal theory.  *Paxton,* 688 F.2d at 561-562.  Slight factual variations in the individual

11

claims will not normally preclude class certification.  *Alpern,* 84 F.3d at 1540 (citing *Donalson,* 544 F.2d at 831).

In this case, Walls contends that her claims, along with the claims of the class, arise from the same course of conduct – Sagamore's practice of sending a notice of cancellation before the time for making a premium payment had expired.  She also claims that her claims and the claims of the class are based upon the same legal theory – breach of contract caused by Sagamore's improper notice of cancellation.  Therefore, she contends that her claims are typical of the class.

Although Walls and the class have alleged breach of contract claims caused by Sagamore's improper conduct, Walls's claims are not typical of the claims of all the class members.[10]  Walls's claims are based upon her having to pay a $20.00 or $25.00 policy fee to rewrite her insurance policy each time the policy was cancelled by Sagamore.  Her claims are typical of those class members who were damaged by paying this policy rewrite fee.  However, there are class members who were damaged not by paying the policy rewrite fee but rather by Sagamore improperly denying an accident claim under their insurance on the ground that the policy had been cancelled.  Walls's claims are not typical of these class members.  In pursuing her non-accident claims, Walls will not advance the claims of the class members having accident claims.  Therefore, the Court finds that the typicality requirement of Rule 23(a) is not satisfied for the class proposed in this case.

_____

[10] Within the proposed class, there appears to be two groups who were damaged by Sagamore's notice of cancellation.  The first group consists of members who suffered non-accident damages (i.e., payment of the policy rewrite fee) as a result of the cancellation.  The second group consists of members who suffered damages stemming from an automobile accident suffered after their insurance policy was cancelled and whose accident claims were denied by Sagamore.

*Rule 23(a) – Adequacy of Representation*

The fourth requirement of Rule 23(a) is that the representative plaintiff will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  In determining adequacy of representation, the Court makes a two-fold inquiry to determine whether: 1) the class representatives have common interests with members of the class, and 2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. *Wakefield v. Monsanto Co.,* 120 F.R.D. 112, 117 (E.D.Mo. 1988) (citing *Paxton,* 688 F.2d at 562).  Adequacy is tied to both commonality and typicality.  *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 626, 117 S.Ct. 2231, 2251 (1997).

The Court has no doubts about the zeal and competence of the representative's counsel in this case.  However, the "adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentive to pursue the claims of the other class members." *In re Am. Med. Sys.,* 75 F.3d at 1083.  Here, Walls's claims are not typical of all the proposed class members.  It will be impossible for her to adequately represent the interests of the whole class in this matter.  Therefore, the Court finds that the adequacy of representation requirement of Rule 23(a) has not been satisfied in this case.

In summary, Walls has failed to show typicality and adequacy of representation for the proposed class.  As such, she has failed to satisfy all the requirements of Rule 23(a).  This matter can not be certified as a class action.  However, even if Walls had satisfied all the requirements of Rule 23(a), the proposed class still could not be certified as a class action because, as set out below, it does not qualify under Rule 23(b)(3).

13

*Rule 23(b)(3) – Predominance and Superiority*

Certification under Rule 23(b)(3) can be maintained if "the question of law or fact common to the members of the class predominate over questions affecting only individual members," and a "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Blades v. Monsanto Company,* 400 F.3d 562, 569 (8th Cir. 2005) (citing *Amchem,* 521 U.S. at 615). The predominance portion of this rule parallels Rule 23(a)(2) in that both rules require that common questions exist. However, "[e]ven if Rule 23(a)(2)'s commonality requirement is satisfied ... the predominance criterion under Rule 23(b)(3) is far more demanding." *Amchem,* 521 U.S. at 623-24. This rule "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623. To determine if a common question predominates over individual questions, the Court looks to the nature of the evidence necessary to make out a prima facie case. *Blades,* 400 F.3d at 566 (citing *In re Visa Check/Master Money Antitrust Litig.,* 280 F.3d 124, 136-40 (2nd Cir. 2001)). If the members of the proposed class need to present evidence that varies from member to member to make a prima facie showing of a given question, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it is a common question. *Id.*

In this matter, Walls claims that by sending the challenged notices of cancellation before the time for making the premium payment had expired, Sagamore committed a breach of contract. The question of whether Sagamore's notice of cancellation is improper is common to the class and can be proven on a class-wide basis. However, this is not true of questions concerning causation and damages. These questions are unique to each class member and will

14

require evidence that varies from member to member.  Each class member will be required to individually testify to his or her response to the receipt of the challenged notice of cancellation and if there are any resulting damages.  The end result will be a series of individual mini-trials that will dominate the proceedings.  As such, the questions of law and fact common to the class do not predominate in this case.

The superiority portion of Rule 23(b)(3) requires "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed.R.Civ.P. 23(b)(3).  In determining whether a class action is the superior method for adjudicating the claims before it, the Court will look at four factors: the class members' interest in individually controlling their separate actions; the extent and nature of existing litigation by class members concerning the same claims; the desirability of concentrating the litigation in the particular forum; and the likely difficulties in the management of a class action.  Fed.R.Civ.R. 23(b)(3).

Here, the difficulties in class management overwhelm any efficiencies that could be secured through class-wide adjudication. Each class member will be required to present highly individualized evidence regarding specific causation and damages.  The presentation of this evidence will constitute the majority of the trial.  Therefore, any judicial economy that would be achieved by class certification is lost.  As such, a class action is not the superior method for adjudicating Walls's or the proposed class member's breach of contract claims against Sagamore.

Walls has failed to satisfy the requirements of Rules 23(a) and 23(b)(3) of the Federal Rule of Civil Procedure.  Therefore, the Court finds that class certification is not appropriate in this case.

15

<u>CONCLUSION</u>

The Plaintiff Margie Walls has failed to demonstrate that she satisfies the requirements of Rule 23 for her proposed class and that class certification is appropriate in this case.  Therefore, the Plaintiff's Revised Motion for Class Certification is hereby **denied**.  An order of even date, consistent with this Opinion, will be issued.

IT IS SO ORDERED, this 31st day of March, 2009.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge