IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARGIE WALLS and BEATRICE EATON                           PLAINTIFFS
on behalf of themselves and all other similarly
situated persons

vs.                              Civil No. 1:07-cv-01020

SAGAMORE INSURANCE COMPANY                                DEFENDANT

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Plaintiffs' Second Motion for Class Certification.  ECF No. 88.  This

Motion was filed on March 22, 2010.  Defendant Sagamore Insurance Company ("Defendant")

responded to this Motion on July 15, 2010.  ECF No. 101.  The Honorable U.S. District Judge Harry

F. Barnes referred this Motion to the undersigned on September 22, 2010 pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3) (2009).  ECF No. 105.

Thereafter, on December 3, 2010, this Court held a hearing on Plaintiffs' Motion.  ECF Nos.

109-110.  In accordance with the referral from Judge Barnes, and after reviewing the arguments of

counsel, this Court recommends Plaintiffs' Motion be **GRANTED.**

1. **Background**

On March 8, 2007, Plaintiff Margie Walls ("Walls") filed her original class action complaint.

ECF No. 1.  Plaintiff Walls subsequently amended her original complaint on November 1, 2007.

ECF No. 31.  On July 31, 2008, Plaintiff Walls filed a motion for class certification pursuant to this

amended complaint.  ECF No. 57.  Plaintiff Walls sought class certification pursuant to Rule

1

23(b)(3) of the Federal Rules of Civil Procedure.[1]  *Id.*  On March 31, 2009, Judge Barnes entered a detailed order denying her motion for class certification under this provision of Rule 23(b)(3).  ECF No. 63.  Thereafter, on January 19, 2010, more than two years after she filed her original complaint, Plaintiff Walls filed her Second Amended Complaint.  ECF No. 81.  Plaintiff Beatrice Eaton ("Eaton") was also named as a plaintiff in this Second Amended Complaint.  *Id.*  Once their Second Amended Complaint was filed, Plaintiffs then filed a Second Motion for Class Certification.  ECF No. 88.  This Motion is currently before this Court.  With this Motion, Plaintiffs seek class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

The factual background of this case was thoroughly outlined in the previous order on class certification from Judge Barnes.  ECF No. 63.  Since that time, Plaintiffs filed a Second Amended Complaint.  ECF No. 81.  According to the Second Amended Complaint, the pertinent facts are as follows.[2]  Plaintiff Walls contracted with Defendant for several years for automobile insurance and collision coverage.  Pursuant to the policy, Defendant billed Plaintiff Walls for premiums on a monthly basis.  Prior to each installment due date, Defendant sent Plaintiff Walls a Premium Installment Bill and Notice of Cancellation for Non Payment of Premium.  Plaintiffs claim this notice essentially cancelled the policy as of the due date of the installment if the installment was not paid by the due date.

Plaintiff Walls failed to make her installment payment.  Thereafter, Defendant did not provide Plaintiff Walls with any additional cancellation notice.  Instead, Defendant mailed to

---

[1] She also moved for class certification pursuant to Rule 23(b)(2) but later amended her motion to include only Rule 23(b)(3).

[2] The Court does not comment on the merits of this complaint.  Instead, the Court, for the purposes of this Order,  generally assumes the facts as stated in this complaint are true.  *See Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 177-78 (1974).

Plaintiff Walls a rewrite application along with a demand for a $25.00 policy "rewrite" fee. Plaintiff Walls paid this additional fee and submitted a rewrite application along with the premium. Thereafter, Plaintiff Walls was sent another a Premium Installment Bill and Notice of Cancellation for Non Payment of Premium. Plaintiff Walls did not pay her premium. Plaintiff Walls's insurance was cancelled due to non-payment of premium. Plaintiff Walls no longer has insurance with Defendant. Plaintiffs claim Defendant's practice of sending termination notice with the installment bill is illegal in Arkansas and violates ARK. CODE ANN. § 23-89-304.

Plaintiff Easton alleges the essentially the same conduct. In the Second Amended Complaint, Plaintiff Easton references several instances where she was provided notice of cancellation with her installment bill, did not timely pay her premium installment, and then was subsequently required to pay a $20.00 or $25.00 rewrite fee in order to obtain her coverage.[3]  Additionally, unlike Plaintiff Walls, Plaintiff Easton currently has automobile insurance with Defendant.

Plaintiffs allege Defendant provides automobile insurance to persons who are residents of Alabama, Arkansas, Idaho, Indiana, Mississippi, Montana, Nebraska, Ohio, Tennessee, and Utah. Plaintiffs allege the laws in these ten states all have "similar or identical requirements" for sending a notice of cancellation for non-payment of premium, and Plaintiffs allege Defendant violated the laws in those states. Because their laws are the same, Defendant provides automobile insurance in these ten states, and Defendant violated the laws in each of those ten states, Plaintiffs request this Court certify a ten-state class action which includes all of these states.

This Court held a hearing on the present Motion on December 3, 2010. ECF Nos. 109-110.

---

[3] It appears Defendant charged a $20.00 or $25.00 based upon the timing of the rewrite application. For example, Plaintiff Eaton alleges she was charged a $25.00 policy rewrite fee after June 30, 2006 but was only charged a $20.00 policy rewrite fee before that date. ECF No. 81 ¶¶ 25-43.

During the hearing, Plaintiffs proposed and argued a different class definition than that offered in their Motion. Plaintiffs argued this new class definition was offered to address some of the problems present in the old class definition. Plaintiffs proposed the following ten-state class:

> All persons, including Plaintiffs and all similarly situated persons, from the period of time beginning on January 1, 2003 to the present ("Class Period") who (1) contracted with Sagamore Insurance Company to provide property and/or casualty automobile insurance from the States of Alabama, Arkansas, Idaho, Indiana, Mississippi, Montana, Nebraska, Ohio, Tennessee, and Utah; (2) had their insurance contract terminated for non-payment of premium by a Notice of Cancellation included with the premium installment bill; and (3) paid a $20 or $25 rewrite fee to Sagamore.

> Excluded from the Class are the agents, affiliates and employees of the Defendant and the assigned judge and his/her staff, and members of the appellate court and their staff.

ECF No. 111. Alternatively, Plaintiffs seek certification of an Arkansas class of policyholders.

Plaintiffs proposed the following as the Arkansas-only class:

> All persons, including Plaintiffs and all similarly situated persons, from the period of time beginning on January 1, 2003 to the present ("Class Period") who (1) contracted with Sagamore Insurance Company to provide property and/or casualty automobile insurance from the State of Arkansas; (2) had their insurance contract terminated for non-payment of premium by a Notice of Cancellation included with the premium installment bill; and (3) paid a $20 or $25 rewrite fee to Sagamore.

> Excluded from the Class are the agents, affiliates and employees of the Defendant and the assigned judge and his/her staff, and members of the appellate court and their staff.

ECF No. 111. Because these are the most recent class definitions adopted by Plaintiffs, this Court will only consider these proposed class definitions.

Further, because of the late nature of Plaintiffs' requested class definitions and the fact Plaintiffs changed their class definitions during the hearing on this matter, this Court provided both Plaintiffs and Defendant additional time to brief this newly-proposed class. The Parties were given

until December 20, 2010 to provide supplemental briefing on these new proposed class definitions. Both Parties provided supplemental briefing by this deadline.[4]  ECF Nos. 111-112.  This Court has thoroughly considered that briefing, and this matter is now ripe for consideration.

## 2. <u>Applicable Law</u>

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.  The decision on whether to certify a class action is within the discretion of the district court.  *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100-01 (1981); *Coleman v. Watt,* 40 F.3d 255, 259 (8th Cir. 1994); *Morgan v. United Parcel Serv.,* 169 F.R.D. 349, 354 (E.D. Mo. 1996).  In determining whether to certify a class action, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carisle & Jacquelin,* 417 U.S. 156, 178 (1974) (citations omitted).

Thus, while the Court must conduct a "rigorous analysis," *see Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161 (1982), class certification is a procedural determination and should not include an inquiry into the merits of the plaintiff's claims.  *Eisen,* 417 U.S. at 177-78.  The plaintiff moving for class certification has the burden of showing that the requirements under Rule 23 are met.  *See Coleman,* 40 F.3d at 259.

In order to be certified under Rule 23, the class must satisfy the four prerequisites set forth in Rule 23(a).  *See Lang v. Kansas City Power & Light Co.,* 199 F.R.D. 640, 644 (W.D. Mo. 2001); *Paxton v. United Nat'l Bank,* 688 F.2d 552, 559 (8th Cir. 1982).  These four prerequisites are the

---

[4] Defendant suggests that because it was only permitted to file supplemental briefing in this case, this Court will not be able to perform the required "rigorous analysis" on class certification.  ECF No. 112 at 3-4.  However, the issue of class certification  in this case has been briefed and re-briefed several times by all Parties involved. Clearly, there is absolutely no need to request any additional briefing on this issue.

following: (1) the class must be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). These prerequisites for class certification under Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *Gen. Tel. Co. v. EEOC,* 446 U.S. 318, 330 (1980).

In addition to the requirements under Rule 23(a), the class must also qualify under one of the three subdivisions of Rule 23(b). *See Lang,* 199 F.R.D. at 644. In this case, Plaintiffs are seeking certification under Rule 23(b)(2). Therefore, they must demonstrate that Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2).

Courts also recognize two "implicit" requirements that must be met before class certification is permissible. First, the class definition must be drafted in such a way to ensure that membership is ascertainable by some objective standard, and second, the class representatives must be members of the proposed class. *See In re Teflon Products Liab. Litig.,* 254 F.R.D. 354, 360 (S.D. Iowa 2008) (citations omitted).

### 3. Discussion

For Plaintiffs' proposed class to be certified, as noted above, the following must be met: (1) Rule 23(a) requirements; (2) Rule 23(b)(2) requirements; and (3) the two implicit requirements outlined above. This Court will address each of these requirements in this Order. This Court will also follow relevant portions the Memorandum Opinion from Judge Barnes dated March 31, 2009

wherein he addressed many of these requirements.  ECF No. 63.

As an initial matter, this Court will address whether the named Plaintiffs have standing to seek injunctive and corresponding declaratory relief and whether this case is moot.[5]  These issues must be addressed at the outset because if the named Plaintiffs do not have standing or cannot present cognizable individual claims for relief against Defendant, then they may not serve as representatives of the class.  *See Burris v. First Fin. Corp.,* 928 F.2d 797, 806 (8th Cir. 1991) (affirming the district court's holding that where the named class representatives did not have a "cognizable individual claim for relief," they could not serve as class representatives).

## A.   Constitutional Considerations

Under Article III of the United States Constitution, federal courts may only adjudicate actual cases and controversies.  *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006).  "Article III standing . . . enforces the Constitution's case-or-controversy requirement."  *Elk Grove United Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004).  The constitutional requirements of standing and mootness are interrelated requirements of Article III.

"The core component of the requirement that a litigant have standing to invoke the authority of a federal court is an essential and unchanging part of the case-or-controversy requirement of Article III."  *DaimlerChrysler Corp.,* 547 U.S. at 342 (quotations omitted).  "To show Article III

---

[5] Defendant claims it stopped this practice of sending notice with the installment bill in Arkansas in 2007. By addressing its cessation of this practice, Defendant has raised the issue of whether the named Plaintiffs have standing to seek injunctive and declaratory relief and whether this case is moot.  ECF No. 101.  Indeed, although Defendant argued this issue under a different topic heading, many of the cases Defendant cites in its briefing relate directly and primarily to these constitutional issues.  *See, e.g., Elizabeth M. v. Montenez,* 458 F.3d 779, 785-86 (8th Cir. 2006).  Additionally, because they are jurisdictional issues, even if Defendant had not raised either issue, this Court may raise these issues *sua sponte.  See Pucket v. Hot Springs School Dist. No. 23-2,* 526 F.3d 1151, 1156-57 (8th Cir. 2008) (holding that because standing is a jurisdictional requirement, it can be raised *sua sponte* by the court at any time during the litigation).

standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Steger v. Franco, Inc.,* 228 F.3d 889, 892 (8th Cir. 2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).

### 1.    Mootness

To demonstrate entitlement to declaratory and injunctive relief and to establish entitlement to such relief is not moot, the plaintiff must also demonstrate that "the injury likely will be redressed by a favorable decision."  In general, when the prohibited behavior ends, a plaintiff no longer has a claim for declaratory or injunctive relief, and a plaintiff's case is moot.  *See Keup v. Hopkins,* 596 F.3d 899, 904 (8th Cir. 2010).  Instead, the plaintiff may only seek an award of monetary damages. *See id.* (holding that a change in policy "mooted any need for prospective injunctive or declaratory relief" but the change "did not deprive Keup [plaintiff] the opportunity to seek monetary damages for prior violations of his constitutional rights").  *See also Watts v. Brewer,* 588 F.2d 646, 648 (8th Cir. 1978).

There is, however, an exception to the mootness doctrine which applies when the defendant voluntarily stops the allegedly illegal activity.  *See Lowry ex. rel. Crow v. Watson Chapel Sch. Dist.,* 540 F.3d 752, 761 n.8 (8th Cir. 2008).  In *Lowry,* the Eighth Circuit recognized the voluntary cessation exception and held that mootness was not an issue where the defendants voluntarily changed their allegedly illegal behavior.  *See id.*  The Eighth Circuit has also held that defendants who argue mootness "due to changed circumstances based on their own behavior face a heavy burden." *Charleston Housing Authority v. U.S. Dept. of Agric.,* 419 F.3d 729, 740 (8th Cir. 2005). In these circumstances where the defendant voluntarily stops his or her conduct and then argues that

the case is moot, the defendant may only prevail where the defendant can make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.,* 528 U.S. 167, 189 (2000) (citation omitted).

The Eighth Circuit has even applied this doctrine under circumstances very similar to this case where the defendant's conduct practically eliminated the need for injunctive relief and only a question relating to damages remained. *See Ark. Ed. Ass'n v. Bd. of Ed. of Portland, Ark. Sch. Dist.,* 446 F.2d 763, 768 (8th Cir. 1971). In that case, the defendant changed its challenged policy after a lawsuit was filed, and the defendant "apparently eliminated those issues from trial of the case." *Id.* at 764. The Eighth Circuit specifically held, however, that "[o]ur conclusion is that a class action for injunctive relief and damages properly brought under Rule 23(a) and (b)(2) should not be dismissed merely because a subsequent change in policy by defendant has eliminated the necessity for future injunctive relief, leaving only the question of past damages for determination by the Court." *Id.* at 768.

In this case, it appears Defendant may have voluntarily stopped sending out its notice of cancellation with the premium installment bill in Arkansas sometime in 2007. ECF No. 89, Exhibit 10. There is no indication whether Defendant stopped this conduct in any of the nine other states where Plaintiffs are seeking class certification. However, as outlined above, even if Defendant did voluntarily stop engaging in this prohibited conduct in 2007, there is still a case or controversy present such that Plaintiffs may still seek final declaratory or injunctive relief as a part of a class action and may still seek an award of incidental damages. Thus, this matter is not moot.

### 2.     Standing

Furthermore, in its supplemental briefing, Defendant raised a related issue and cited several

Eighth Circuit cases where the named plaintiff in a class action lawsuit did not have standing because the named plaintiff no longer suffered from the adverse impact of defendant's conduct. *See Elizabeth M. v. Montenez,* 458 F.3d 779, 784 (8th Cir. 2006); *Smook v. Minnehaha County,* 457 F.3d 806, 816 (8th Cir. 2006). Those cases are, however, inapplicable to the facts in the present action. In *Elizabeth M.,* when they filed suit, the named plaintiffs were no longer residents of the facility where the alleged conduct occurred. Thus, the plaintiffs were merely "former patients" and were not entitled to injunctive relief. *See Elizabeth M.,* 458 F.3d at 784.

In *Smook,* when they filed suit, the named plaintiffs were former detainees at the county juvenile detention center. 457 F.3d at 815-16. As purported victims of past illegal conduct, those individuals also did not have standing to pursue injunctive relief.[6] *See id.* In the present action, however, Plaintiff Easton still has insurance with Defendant and still may suffer from the alleged illegal activity of Defendant. ECF No. 81 ¶¶ 25-43. Thus, this class does not suffer from the same standing deficiencies present in both *Elizabeth M.* and *Smook.*

However, as for Plaintiff Walls, based upon the Second Amended Complaint, it appears she no longer has insurance with the Defendant. ECF No. 81 ¶ 18. Thus, it appears she does not have standing to pursue this class action for injunctive and declaratory relief. Defendant raised this issue in its original briefing. ECF No. 101 at 6-7 (footnote). Upon review, this Court finds Defendant is correct in its claim, and Plaintiff Walls cannot serve as a class representative. For ease of reference, this Court will still refer to "Plaintiffs" as seeking class certification, even though Plaintiff Walls

---

[6] Defendant claims that *Smook* stands for the proposition that a Rule 23(b)(2) suit cannot be brought where "the challenged policy was no longer in place." ECF No. 112 at 7. A close reading of *Smook,* however, shows that is clearly not the holding. In *Smook,* the detainees were no longer victims of the alleged conduct and did not argue that they were going to be victims in the future. The fact that the policy had changed is not what disqualified them for standing purposes. Indeed, they did not have standing at the time the case was filed.

cannot serve as a class representative.

Defendant's briefing also suggests that unnamed class members may not have standing because they have no "on-going" relationship with Defendant and may no longer have automobile insurance with Defendant.  ECF No. 101.  It is well-settled, however, that the individual, unnamed class members do not need to demonstrate standing prior to a class being certified:

> In a class action, those represented are, in the words of the Supreme Court, passive members of the class, in contrast to the named plaintiff who is actively prosecuting the litigation on their behalf.  These passive members need not make any individual showing of standing, because the standing issue focuses on whether the plaintiff is properly before the court, not whether represented parties or absent class members are properly before the court.

1 William Rubenstein, Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 2.7 (4th ed. 2010).  Thus, this Court finds Defendant's argument on this issue is not merited.

**B.      Rule 23(a) Requirements**

Under Rule 23(a), there are four requirements that must be met: numerosity, commonality, typicality, and adequacy of representation.  FED. R. CIV. P. 23(a).  This Court will address each of these requirements under Rule 23(a).

**1.      Numerosity[7]**

The first requirement under Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).  "Although . . . no arbitrary rules regarding the necessary size of classes have been established, the plaintiff bears the burden of establishing in that numerosity does exist."  *Mehl v. Canadian Pac. Ry., Ltd.,* 227 F.R.D. 505, 510 (N.N.D. 2005) (*quoting Belles v. Schweiker,* 720 F.2d 509, 515 (8th Cir. 1983)).  A number of

---

[7] In his previous order on class certification, Judge Barnes found the numerosity requirement had been met. ECF No. 63 at 9-10.

factors are relevant to this inquiry, and the most obvious is the number of persons in the proposed class.  In addition to the size of the class, the court may also consider such factors as the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members.  *Paxton,* 688 F.2d at 560.

In this case, Plaintiffs claim the class will number in the hundreds, if not thousands, as Defendant actively marked its automobile insurance in Arkansas and the other  proposed class states and uniformly provided the notice of cancellation for non-payment prior to the premium due date. ECF No. 89 at 10.  Therefore, they contend that the numerosity requirement of Rule 23 is met.

In establishing numerosity, a plaintiff does not need to show the exact number of potential class members, only that the number is such that joinder is extremely difficult or inconvenient. *Morgan,* 169 F.R.D. at 355 (*citing Gentry v. C&D Oil Co.,* 102 F.R.D. 490, 493 (W.D. Ark. 1984)). Here, Plaintiffs claim that hundreds, if not thousands, were adversely affected by Defendant's notice of cancellation for non-payment of premium.  ECF No. 89 at 10.  This number is sufficiently numerous to make joinder of individual class members difficult.  Therefore, this Court finds that the numerosity requirement under Rule 23(a) has been met in this case.  *See Ark. Educ. Ass'n.,* 446 F.2d at 765-66 (finding a class of twenty was sufficiently large to proceed as a class action).

## 2.    Commonality[8]

The second requirement under Rule 23(a) is that "there are questions of law or fact common to the class."  FED. R. CIV. P. 23(a)(2).  The commonality requirement does not require that every

---

[8] In his previous order on class certification, Judge Barnes found the commonality requirement had been met.  ECF No. 63 at 10-11.

question of law or fact be common to every class member. *Paxton,* 688 F.2d at 561 (citations omitted). "Rather, it may be satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995) (*quoting Am. Fin. Sys., Inc. v. Harlow,* 65 F.R.D. 94, 107 (D. Md. 1974)) (*citing Paxton,* 688 F.2d at 561).

In this case, Plaintiffs claim the proposed class members were subjected to Defendant's uniform practice of sending a notice of cancellation before the time for making a premium payment had expired and, thereafter, had their insurance improperly cancelled for failing to make their payment on or before the premium due date. Plaintiffs contend that this satisfies the commonality requirement because all class members were subjected to the same alleged wrongful conduct by Defendant.

As stated above, commonality does not require every question of law or fact be common to every class member. As long as there is at least one common legal question that substantially relates to the resolution of the litigation, commonality is met. Here, the proposed class members share common questions regarding the alleged wrongful conduct by Defendant. That satisfies the low threshold requirement of commonality. Therefore, the Court finds that the commonality requirement of Rule 23(a) has been met in this case.

### 3.   Typicality[9]

The third requirement under Rule 23(a) is that the claim or defense of the representative

---

[9] In his previous order on class certification, Judge Barnes found the typicality requirement had not been met. ECF No. 63 at 11-12. He properly based this decision upon the fact that Plaintiff Walls was attempting to represent two classes of people: (1) those who paid the $20.00 or $25.00 rewrite fee and (2) those who were improperly denied an accident claim "on the ground that the policy had been cancelled." *Id.* As noted in this opinion, that defect has been cured with the new class definition, and Plaintiffs only seek to represent a class of people who paid the $20.00 or $25.00 rewrite fee.

parties is typical of the claims or defenses of the class.  FED. R. CIV. P. 23(a)(3).  This requirement means that there are "other members of the class who have the same or similar grievance as the plaintiff."  *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir. 1996) (*quoting Donalson v. Pillsbury, Co.,* 554 F.2d 825, 830 (8th Cir. 1977)).

This requirement is "intended to assure the claims of the class representatives are similar enough to those of the class, so that the representatives will adequately represent the class."  *In re Baycol Products Litig.,* 218 F.R.D. 197, 205 (D. Minn. 2003) (*quoting Day v. NLO, Inc.,* 144 F.R.D. 330, 334 (S.D. Ohio 1992)).  In other words, the Court must consider whether the representative's interests will be aligned with those of the proposed class, and in pursuing their own claims, the named plaintiff will also advance the interests of the class members.  *In re Baycol,* 218 F.R.D. at 205 (*citing In re Am. Med. Sys., Inc.,* 75 F.3d. 1069, 1086 (6th Cir. 1996)).  In general, typicality is established if the claims of all the class members arise from the same event or course of conduct, and give rise to the same legal theory.  *Paxton,* 688 F.2d at 561-62.  Slight factual variations in the individual claims will not normally preclude class certification.  *Alpern,* 84 F.3d at 1540 (*citing Donalson,* 544 F.2d at 831).

In this case, Plaintiffs contend that their claims, along with the claims of the class, arise from the same course of conduct: Defendant's practice of sending a notice of cancellation before the time for making a premium payment had expired.  Further, Plaintiffs argue their claims are typical because they, along with the other members of the class, have all paid the $25.00 or $20.00 rewrite fee.  Therefore, they contend that their claims are typical of the class.

Because Plaintiffs' claims all arise from the same course of conduct, are based upon the same legal theory, and all involve a rewrite fee of $25.00 or $20.00, their claims are typical of the other

14

class members.  Unlike Plaintiff Walls's previous request for class certification, the fact some of the class members may also have accident claims (in addition to these policy rewrite fee claims) is irrelevant.  Indeed, those individuals who may have accident claims against Defendant may seek relief in a separate damages action.  Although there does not appear to be an Eighth Circuit case addressing this issue, the courts who have addressed this issue find that such suits are not barred. *See Nelson v. Wal-Mart Stores, Inc.,* 245 F.R.D. 358, 372 (E.D. Ark. 2007) (J. Wilson) (holding that "[t]he principle that a 'class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events,' is well established").

When Plaintiff Walls previously sought class certification, she sought to represent both those individuals who were damaged by paying this policy rewrite fee and those individuals who may have been damaged by Defendant's improperly denying their accident claims.  ECF No. 63 at 12.  With the present request, Plaintiffs are only attempting to represent those individuals were required to pay the $25.00 or $20.00 rewrite fee.  ECF No. 88.  The fact that different class members may be entitled to different damages ($25.00 or $20.00) does not defeat typicality.  *See DeBoer,* 64 F.3d at 1174 (1995) (recognizing that typicality was met because the injunctive relief "sought in the action is the same regardless of the amount of overage [incidental damages] in any particular account").  Indeed, even Judge Barnes stated that Plaintiff Walls's claims were typical of those class members who were damaged by paying a rewrite fee.  ECF No. 63 at 12.  Thus, this Court finds Plaintiffs' are typical of claims of the class.

4.     **Adequacy of Representation**[10]

The fourth requirement of Rule 23(a) is that the representative plaintiffs must fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a)(4).  In determining the adequacy of representation, the Court makes a two-fold inquiry to determine whether: (1) the class representatives have common interests with members of the class; and (2) the class representatives will vigorously prosecute the interests of the class through qualified counsel.  *See Wakefield v. Monsanto Co.,* 120 F.R.D. 112, 117 (E.D. Mo. 1988) (*citing Paxton,* 688 F.2d at 562).  Adequacy is tied to both commonality and typicality.  *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997).

In this case, as noted above, this Court has already found Plaintiffs have common interests with the other members of the class.  Plaintiffs, like the class members, were allegedly injured by Defendant's conduct.  Plaintiffs have submitted affidavits regarding their competency, their understanding of their roles as class representatives, and their intent to vigorously prosecute this action on behalf of the class.  ECF No. 89, Exhibits 6-7.  Plaintiffs' counsel also has extensive class action experience (*See* ECF No. 89, Exhibit 11), and there is no indication that they will not fully and adequately represent this class as they have done in previous class-action lawsuits.

Defendant raises three arguments with regard to Plaintiffs' adequacy of representation.  First, Defendant argues Plaintiffs cannot adequately represent the class because they cannot represent both current policy holders and former policy holders.  ECF No. 112 at 13-14.  Defendant argues the

---

[10] In his previous order on class certification, Judge Barnes found the adequacy of representation requirement had not been met.  ECF No. 63 at 13.  He properly based this finding upon the fact that Plaintiff Walls's claims were not typical of the class and, as such, Plaintiff Walls could not adequately represent the class.  *Id.*  As noted above, that defect has been cured with Plaintiffs' new proposed class definition.

16

interests of current and former policy orders are antagonistic because while "current policyholders are interested in maintaining coverage and keeping premiums affordable," former policy holders "have no interest in such matters." *Id.* Defendant cites *Pipes v. Life Investors Ins. Co. of Am.,* 254 F.R.D. 544, 551 (E.D. Ark. 2008) (J. Wright) in support of its claim. *Id.* However, in *Pipes,* there was no adequate class representative who was a current policyholder. In this case, Plaintiff Easton is a current policyholder. Thus, even if the opinion in *Pipes* were binding on this Court, *Pipes* is inapplicable.

Second, Defendant alleges the interests of the class representatives are antagonistic to the class members because, if an injunction is entered and the rewrite fees are refunded, some of the class members will have to "revive" unwanted insurance policies and pay the premium for those policies. ECF No. 112 at 14-15. Defendant argues that these individuals will "have to pay premiums for the revived policies that would have been in effect during the lapses in coverage." *Id.* This appears to be a merits issue as to what final injunctive relief should be entered. This issue should not be addressed at the class certification stage. In any event, it appears the class representatives as well as all the class members will face such a claim by Defendant for possible policy charges during a lapse such that the interests of the class representatives will not be antagonistic to the other members of the class.

Third, Defendant alleges the interests of the class representatives are antagonistic to the other class members because the class "still includes members with potential accident claims." ECF No. 112 at 16. The fact this may be true does not, however, defeat class certification under Rule 23(b)(2). There is no indication that those individuals with accident claims would not want a purported illegal fee of $20.00 or $25.00 refunded. Furthermore, as noted above, the class members

with accident claims are not precluded from filing separate lawsuits based upon their denied claims. Thus, this Court finds all three of Defendant's arguments regarding adequacy are without merit.

### C.   Rule 23(b)(2) Requirements[11]

Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, a class action may be maintained if the requirements of Rule 23(a) are met and the following requirement is met: "The party opposing the class has acted or refused to act on ground that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The Eighth Circuit has held that Rule 23(b)(2) certification is appropriate "when plaintiffs seek injunctive relief from the acts of a [defendant] 'on (the) grounds generally applicable to the class.'" *Paxton,* 688 F.2d at 563 (*quoting U.S. Fidelity & Guar. Co. v. Lord,* 585 F.2d 860, 875 (8th Cir. 1978)). *See also Avritt v. Reliaster Life Ins. Co.,* 615 F.3d 1023, 1035 (8th Cir. 2010) (recognizing the requirement for cohesiveness).

In this case, as outlined above, there is no valid dispute that Plaintiffs allege and seek injunctive relief from the acts of Defendant on grounds generally applicable to the class. Plaintiffs allege that Defendant engaged in a systematic practice of sending an illegal notice of cancellation, Defendant collected rewrite fees based upon the illegal practice, and Plaintiffs and the class members were harmed by the practice. Further, apart from Defendant's arguments addressed above, there is no valid dispute that injunctive and declaratory relief on a class-wide basis is appropriate in this case.

Instead, as indicated by the briefing, the real dispute in this case regarding class certification

---

[11] In the previous motion for class certification (ECF No. 57), Plaintiff Walls sought certification pursuant to Rule 23(b)(3). ECF No. 63. With the current motion, Plaintiffs seek certification pursuant to Rule 23(b)(2). The requirements of Rule 23(b)(2) and Rule 23(b)(3) are different. Thus, because the issue was not before him, Judge Barnes did not address the requirements of Rule 23(b)(2).

under Rule 23(b)(2) is whether Plaintiffs are predominately seeking monetary damages as opposed

to declaratory or injunctive relief.  Thus, this Court will only focus on that issue.  Notably, as the

Eighth Circuit has held, incidental damages may be recovered as a part of a Rule 23(b)(2) class

action.  *See Paxton,* 688 F.2d at 563 (holding that incidental damages could be sought as a part of

a Rule 23(b)(2) class action); *DeBoer,* 64 F.3d at 1175.  A Rule 23(b)(2) class may, however, not

predominately seek money damages.  7A Charles Alan Wright & Arthur R. Miller, *Federal Practice*

*and Procedure* § 1775 (3rd ed. 1988) (current through 2010).  As stated in *Federal Practice and*

*Procedure:*

> A suit predominantly seeking money damages does not qualify under this portion of
> the rule [Rule 23(b)(2)].  But, certification under Rule 23(b)(2) may be allowed in
> actions involving some damages as long as they are incidental, such as back pay
> claims in employment-discrimination suits seeking to end certain practices of the
> employer.  Similarly, consumer class actions under the Fair Debt Collections
> Practices Act have been certified under Rule 23(b)(2) on the ground that the statutory
> damages involved are nominal and incidental.

§ 1775.

The Eighth Circuit has also provided guidance on the issue of whether damages can be

considered "incidental."  *See Ark. Ed. Ass'n v. Bd. of Ed. of the Portland, Ark. Sch. Dist.,* 446 F.2d

763 (1971).  In that case, the facts are similar to the facts in the present action.  A class action was

brought on behalf of a class of African-American teachers who alleged discrimination in salaries.

*See Ark. Ed. Ass'n,* 446 F.2d at 764.  A group of African-American teachers sought certification

under Rule 23(b)(2), but the district court denied their request for certification.  *See id.*  Their claims

involved an allegation that they as African-American teachers were discriminated against in their

salaries, and they sought an injunction to cease the discriminatory behavior.  *See id.*  They also

sought an award of back-pay.  *See id.*  After the suit was commenced, the policy was changed, which

19

apparently eliminated the need for injunctive relief under Rule 23(b)(2).  *See id.*  Indeed, the only question which remained was as to the amount of damages and back-pay that should be awarded. *See id.* at 768-771.  Despite this fact, the Eighth Circuit still held the class could be certified and found these damages to be merely incidental.  *See id.* at 771.  This was true even though the district court was required to analyze the amount of "salary differentials due to the black teachers" and found that such analysis was a "difficult one."  *Id.*

Based upon this case and Plaintiffs' proposed class action, this Court finds the $20.00 and $25.00 amounts requested are merely incidental to the declaratory and injunctive relief sought. There is no dispute that Plaintiffs are seeking these monetary damages on behalf of themselves and the class, but as noted in *Arkansas Education Association, Paxton,* and *DeBoer*, such incidental damages are fully permissible.

Defendant attempts to demonstrate this suit is predominately about damages because Plaintiffs have defined their class by referencing the $20.00 or $25.00 rewrite fee.  By including this limitation in their class definition to include only those individuals who paid the rewrite, Plaintiffs have properly limited their class to only those individuals who have been damaged, and this inclusion does not demonstrate that this case is predominately about monetary damages.  Thus, this Court finds Defendant's argument is without merit.

.    **D.    Implicit Requirements**

**1.    Class Identification**[12]

---

[12] In his previous order on class certification, Judge Barnes found the class was not ascertainable without "individualized inquiries into the circumstances of each proposed class member."  ECF No. 63 at 7-8.  Judge Barnes correctly made this finding because the class definition included individuals who were damaged and not damaged by Defendant's alleged conduct.  *Id.* As noted in this opinion, that defect has been cured with the new class definition.

One of the implicit requirements for class certification is that the class definition must enable the Court to determine objectively who is included in the class, and thus, who is bound by the ruling. *See Dumas v. Albers Med., Inc.,* No. 03-06040, 2005 WL 2172030, at *5 (W.D. Mo. Sept. 7, 2005). This ensures that those "actually harmed by the defendant's conduct will be the recipients of the relief eventually provided." *Id.* (*quoting In re PPA Products Liab. Litig.,* 214 F.R.D. 614, 617 (W.D. Wash. 2003)). In order to accomplish this class identification, the Court should not have to engage in lengthy, individualized inquiries. *See id.* (*citing Simer v. Rios,* 661 F.2d 655, 669 (7th Cir. 1981)).

In this case, the class is readily ascertainable without individualized inquiries into the circumstances of each class member. Defendant has offered no reason as to why they could not provide a list of its insureds during the class time period. From that list, only those who actually paid the $20.00 or $25.00 rewrite fee to Defendant will be included in the class. Defendant has also offered no reason as to why its lists of insures could not be narrowed to include only those who actually paid the rewrite fee, and it appears those names could be easily ascertained from Defendant's business records. Further, because only those who actually paid the fee are included in the class, there is no risk that those "who were not damages by the cancellation" could be included in the class. *See* ECF No. 63 at 7-8. Accordingly, this Court finds this implicit requirement has been met.

### 2.    Class Representatives

The second "implicit" requirement of Rule 23 is that the class representatives are in fact members of the proposed class. In this case, Plaintiff Walls and Plaintiff Easton are the only proposed class representatives. As indicated above, to be members of the proposed class, Plaintiffs

21

have been sent this notice, had their policies cancelled due to non-payment of premiums, and paid the $20.00 or $25.00 rewrite fee.

In their Second Amended Complaint, Plaintiffs alleged that for several years, they purchased or have purchased automobile insurance from Defendant. ECF No. 81. On various occasions, their insurance policies were cancelled by Defendant's allegedly improper notice of cancellation. *Id.* As a result of the cancellation, they allege they were improperly charged a $20.00 or $25.00 fee to rewrite their cancelled insurance policies. *Id.* Therefore, they are members of the proposed class.

### E.      Request for Multi-State Class Action

The final question to address is whether this class action should include only Arkansas or should include all the ten states Plaintiffs have requested. In making this determination of whether to certify a one state class (Arkansas) or ten-state class (Alabama, Arkansas, Idaho, Indiana, Mississippi, Montana, Nebraska, Ohio, Tennessee, and Utah), this Court is mindful of the remarks by Judge Barnes at the July 14, 2008 hearing wherein he expressed reservations about conjecturing as to how other states would interpret the statutes in dispute in this case. ECF No. 112, Exhibit 1, Pages 18-19.

Even though the text from these provisions is similar in that they require ten days' notice of cancellation, the laws from these states may be subject to different interpretations. Indeed, there is no indication that the courts from the various states would interpret these provisions in the same manner as the provision has been interpreted in Arkansas, and it appears such interpretations would be matters of first impression for these states.

As Plaintiffs have even acknowledged, they have the burden of demonstrating that there is uniformity between the laws of these states or that there is no outcome determinative conflict among

22

the laws of the class states. *See, e.g., Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1017 (D.C. Cir. 1986) ("[T]o establish commonality of the applicable law, nationwide class action movants must credibly demonstrate, through an extensive analysis of state law variances, that class certification does not present insuperable obstacles."). Based upon the fact the interpretation of the statutes in these additional nine states is unclear and because this Court's attempt to interpret these laws may create further complexity in this case such that it is unmanageable, this Court finds Plaintiffs have not met this burden, and this Court declines to recommend that a ten-state class be approved. Instead, the Arkansas-only class as defined earlier in this opinion is recommended for approval.

**4. Conclusion**

Based upon the foregoing, this Court finds Plaintiffs have demonstrated that the requirements of Rule 23 have been met. Thus, based upon the record, this Court recommends Plaintiffs' Second Motion for Class Certification (ECF No. 88) be **GRANTED**. The undersigned recommends that Plaintiff Easton be appointed as the class representative and Plaintiffs' counsel be appointed as class counsel. No class notice is required pursuant to Rule 23(c)(2)(A).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 27th day of January, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE