IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARGIE WALLS and
BEATRICE EATON, on behalf
of themselves and all other
similarly situated persons                                                                PLAINTIFFS

V.                              CASE NO. 07-CV-1020

SAGAMORE INSURANCE COMPANY                                                  DEFENDANT

## ORDER

  Before the Court is the Report and Recommendation filed January 27, 2011, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 114). Judge Bryant recommends that Plaintiffs' Second Motion for Class Certification (ECF No. 88) be GRANTED IN PART and DENIED IN PART. Defendant has responded with timely objections. (ECF No. 115). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

  First, Defendant asks the Court to clarify Judge Bryant's ruling for the record. The class definition set forth by Plaintiffs in their Second Motion for Class Certification was altered during a hearing and later memorialized in Plaintiffs' supplemental memorandum (ECF No. 111). Judge Bryant found that a class based on Plaintiff's revised class definition should be certified. Further, Judge Bryant found that Plaintiff Margie Walls cannot serve as a class representative and that the class cannot involve states outside of Arkansas. The Court agrees with Judge Bryant's findings here. However, Judge Bryant's recommended disposition was the granting of Plaintiff's Second Motion for Class Certification. However, his findings specifically reflect that the motion should be granted in part and denied in part. Thus, the Court's order today will reflect that the motion is granted in part and denied

in part.  By clarifying the recommended disposition, the Court is in no way altering Judge Bryant's findings.

Second, Defendants argue that Plaintiffs cannot propose an alternate class definition at the hearing and still fulfill their burden under Fed. R. Civ. P. 23.  The Court disagrees.  Judge Bryant provided Plaintiffs and Defendant additional time to provide supplemental briefs addressing the newly-proposed class definitions.  The Court is satisfied that Judge Bryant conducted the rigorous analysis required to ensure that the class definition met the requirements of Rule 23.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155, 161 (1982).

The remainder of Defendant's objections deal with Defendant's arguments as to why the class should not be certified.  Defendant raised these same issues either in its briefs or at the hearing before Judge Bryant.  The Court has conducted the required de novo review of the portions of the Report and Recommendation to which Defendant objects.  That review satisfies the Court that Judge Bryant's recommended disposition is correct and should be adopted.  His Report and Recommendation is thorough, well reasoned, and supported by controlling legal principles.  Accordingly, Defendant's objections are overruled.

For reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 114), Plaintiff's Second Motion for Class Certification (ECF No. 88) is **GRANTED IN PART and DENIED IN PART**.  The Court certifies the Arkansas class of policyholders as defined in Plaintiffs' Supplemental Brief (Doc. 111) and in Judge Bryant's Report and Recommendation (Doc. 114, p. 4).  Further, the Court finds that Plaintiff Margie Walls cannot serve as a class representative.

**IT IS SO ORDERED**, this 15th day of March, 2011.

/s/ Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge