IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| MARGIE WALLS, and Beatrice Eaton, on behalf of themselves and all other similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>SAGAMORE INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 07-CV-1020<br>)<br>)  Judge Dawson<br>)<br>)<br>)<br>) |

## FINAL APPROVAL ORDER

This matter coming on to be heard as to whether the proposed settlement of the above-referenced class action ("the Lawsuit") should be finally approved, the parties having presented their settlement agreement ("the Class Settlement Agreement") to the Court, and the Court having held a hearing on the fairness of the proposed settlement of the Lawsuit, at which objectors to the Class Settlement Agreement were permitted to appear and be heard, and the Court being fully advised in the premises, the Court finds that:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

A.    The Class Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

B.    The Court grants final approval of the Class Settlement Agreement including but not limited to the releases in the Class Settlement Agreement, and finds that the Class Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class. Any objections which were filed, have been considered and are overruled.

C.    This Court has certified, under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a Settlement Class ("the Settlement Class") defined as follows: all persons, including

Plaintiffs, who (1) contracted with Sagamore to provide property and/or casualty automobile insurance in the State of Arkansas; (2) had their insurance contract cancelled for non-payment of premium by a notice of cancellation with the premium installment bill; and (3) paid a $20 or $25 re-write fee to Sagamore.

D.  The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and/or fact common to the settlement class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the settlement class; (d) Plaintiffs Margie Walls and Beatrice Eaton will fairly and adequately protect the interest of the settlement class; (e) Thomas P. Thrash and David S. Mitchell are adequate Class Counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy. Class certification is appropriate under Fed. R. Civ. P. 23(a) and (b)(3).

E.  Notice of the proposed Class Settlement has been timely sent in accordance with the terms of the Court's order dated July 13, 2012 and amended August 10, 2012 (the "Preliminary Approval Date"), which certified a Settlement Class, preliminarily approved the proposed Class Settlement Agreement, and authorized such notice. Such notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and is proper and sufficient notice to all persons entitled to notice of the Class Settlement Agreement in this Lawsuit. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

F.  The issues as to liability and remedies in the Lawsuit are issues as to which there are substantial grounds for difference of opinion, and the proposed Class Settlement Agreement of the

Lawsuit constitutes a resolution of those issues that is fair, reasonable, and adequate to the members of the Settlement Class.

G. Plaintiffs Margie Walls and Beatrice Eaton and each member of the Settlement Class who has not opted-out or who the Court has not excluded from the Class Settlement shall be bound by the Class Settlement Agreement. A total of 537 Settlement Class Members submitted valid and timely Participation Forms and 10 Class Members submitted Participation forms after the deadline. All 547 claims will be deemed valid claims and paid, pursuant to the Settlement Agreement.

H. No objections were filed by Settlement Class Members.

I. No persons or entities have validly requested exclusion from the Settlement Class.

J. The Class Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Class Settlement Agreement in accordance with its terms. All terms defined in the Class Settlement Agreement have the same meanings when used in this Final Approval Order.

K. The claims of Plaintiffs Margie Walls and Beatrice Eaton and all members of the Settlement Class who did not opt-out or who the Court did not exclude are compromised, settled, released, and discharged consistent with the terms of the Class Settlement Agreement and by virtue of the proceedings herein and this Final Approval Order. Upon the Effective Date of the Class Settlement Agreement, Plaintiffs Margie Walls and Beatrice Eaton and all members of the Settlement Class who did not opt-out and who the Court did not exclude, consistent with the terms of the Class Settlement Agreement, are hereby barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any claims released under the Class Settlement Agreement against Defendant, as the release provisions of the Class Settlement Agreement define these terms.

L. In accordance with the terms of the Class Settlement Agreement, Defendant shall pay or cause to be paid the Settlement Fund to the client trust account of Defendant's counsel, Jonathan N. Ledsky, of Varga Berger Ledsky Hayes & Casey, within 14 days of entry of this Order or by December 13, 2012. Ledsky is to notify Class Counsel in writing after the Settlement Fund is delivered by Defendant. Ledsky is to hold the Settlement Fund in the client trust account of his firm until the Effective Date, as that term is defined in the Class Settlement Agreement.

M. Within 10 days after receipt of Ledsky's written notification to Class Counsel of delivery of the Settlement Fund, Class Counsel will present an order dismissing the Lawsuit in its entirety and with prejudice ("the Dismissal With Prejudice Order").

N. This Court hereby awards Thomas P. Thrash and David S. Mitchell, as Class Counsel, $50,000.00 for attorney's fees and $3,587.22 costs. This Court further awards $5,000.00 as incentive fees to Plaintiffs Margie Walls and Beatrice Eaton to divide equally ($2,500.00 each). These amounts shall be paid from the Settlement Fund within 5 days of the Effective Date. Ledsky shall deliver the approved attorney's fees and costs of Class Counsel and any approved incentive awards to Plaintiffs directly to Class Counsel.

O. Ledsky shall deliver the Settlement Fund, less the approved fees and costs of Class Counsel, and less any approved incentive awards to Plaintiffs, to the third-party administrator within 5 days of the Effective Date.

P. Consistent with the Class Settlement Agreement, the third-party administrator shall make the payments described in the Class Settlement Agreement, including, without limitation, payment of a Settlement Share to each Participating Class Member identified as each member of the Settlement Class who returned a properly completed claim form and who did not opt-out. The third-party administrator shall distribute the Settlement Fund in accordance with the Class Settlement Agreement within 30 days after the Effective Date.

Q.      Implementation of the Class Settlement Agreement shall proceed as described in the Class Settlement Agreement. The Parties to the Class Settlement Agreement shall carry out their respective obligations thereunder.

DATED:   November 29, 2012

_____
The Honorable Robert T. Dawson
United States District Judge

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**NOV 29 2012**

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

5